# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

COREY L. DIAMOND, :

   Plaintiff, :

vs. : CA 19-0920-CG-MU

US EXPRESS TRUCKING COMPANY, :

   Defendant.

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITH PREJUDICE**, prior to service of process, because Plaintiff cannot bring a § 1983 claim against US Express Trucking Company, *see id*., and, alternatively, that this action be **DISMISSED WITHOUT**

**PREJUDICE,** to the extent the Court reads Plaintiff's complaint extremely liberally to include a Title VII claim.[1]

## BRIEF BACKGROUND

On October 30, 2019, the *pro se* Plaintiff filed a form complaint for violation of civil rights against US Express Trucking Company wherein he seeks damages for the alleged failure of the Defendant to give him a safety bonus and a signing bonus, as well as for "probably" paying him a lower wage than other drivers. (*See* Doc. 1, at 3 & 5).[2] Plaintiff specifically avers that his claim against the Defendant is brought in accordance with 42 U.S.C. § 1983. (*Id.* at 3).

## DISCUSSION

Given that Plaintiff has specifically asserted only a § 1983 claim against US Express Trucking Company, with clear knowledge that he could have completed a different form complaint, *compare Diamond v. Mobile Police Department,* CA 19-0910-CG-MU, Doc. 1 *with Diamond v. Hose O Weaver and Son,* CA 19-0918-CG-MU, Doc. 1, there is no real need for this Court to liberally construe Plaintiff's complaint as raising any other claim. In other words, Plaintiff clearly appears to have known what he was doing when he filed the instant § 1983 complaint against US Express Trucking

---

[1] Because Diamond cannot bring a § 1983 claim against the Defendant and has not stated a Title VII claim against this Defendant, the undersigned simply **MOOTS** his motion to proceed without prepayment of fees and costs (Doc. 2).

[2] Plaintiff's form complaint does not identify any dates upon which the Defendant did not give him the bonuses or during which period the Defendant "probably" paid him a lower wage. (*See* Doc. 1).

(Continued)

2

Company, given his litigation history; therefore, the undersigned is not inclined to read a different claim into the instant complaint.[3]

42 U.S.C. § 1983 provides, in relevant measure, as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.* "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir. 2005), citing *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

---

[3] Nevertheless, even if the undersigned was to read the instant complaint liberally to allege a claim other than a § 1983 claim, *see Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'"), the only other claim that Diamond could possibly be asserting against the Defendant, a putative former employer, is a Title VII claim. (*See* Doc. 1, at 3 (plaintiff's conclusory allegation that he contacted the "Fed" people "over the pay")).

"Title VII makes it unlawful for an employer 'to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Harris v. Potter's House Family and Children Treatment Center,* 2013 WL 5436775, *1 (N.D. Ga. Sept. 27, 2013), quoting 42 U.S.C. § 2000e-2(a)(1). Here, Plaintiff has not only failed to allege or demonstrate that he has exhausted his administrative remedies before the EEOC, *see generally., Toomer v. Ricketts,* 2019 WL 4166783, *2 (S.D. Ga. Aug. 30, 2019), but, more importantly, he has not even alleged that the Defendant did not give him the identified bonuses or pay him the same as other drivers because of his race, color, religion or national origin. Therefore, even liberally reading Plaintiff's complaint, he has not stated a Title VII claim and, therefore, his complaint should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

(Continued)

In his complaint, Diamond has not alleged the violation of a constitutional right but even if he had, he has and cannot maintain a § 1983 action against US Express Trucking Company because the Defendant is a private company,[4] not a state actor. *Compare Crouch, supra,* at *4 (finding plaintiff could not sustain a 1983 action against "Mr. Gill, Cook Foods, Dr. Nair, and Montgomery Area Mental Health" because those defendants were not state actors) *with Junie v. Greyhound Bus Company,* 2013 WL 5676485, *1 & *3 (S.D. Fla. Oct. 18, 2013) (finding that Greyhound Bus Company is a private business/company whose employees do not act under color of state law and, therefore, it is not a proper defendant in a § 1983 action).

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**, prior to service of process, because US Express Trucking Company is a private company, not a state actor, and, therefore, it is not a proper defendant to Diamond's § 1983 action, *see* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). To the extent the Court reads Plaintiff's complaint extremely liberally to include a Title VII claim, Plaintiff's complaint still should be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, due to Diamond's failure to allege or demonstrate that he exhausted his administrative remedies and because of his failure to allege that the Defendant did not give him the identified bonuses or pay him the same as other drivers because of his

---

[4] The Court should take judicial notice that the Defendant is a private company. *See Couch v. Montgomery City Police Dep't,* 2013 WL 6096362, *4 n.2 (M.D. Ala. Nov. 20, 2013) ("The court takes judicial notice that Montgomery Area Mental Health is a non-profit organization.")).

4

race, color, religion or national origin, *see* 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 13th day of November, 2019.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**